THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

ELIZABETH ROSS,

                            Plaintiff,

v.                                        Case No.

LIFE CENTERS OF KANSAS LLC

    **SERVE:**                                **JURY TRIAL REQUESTED**
    **Resident Agent:**
    **Life Centers of Kansas LLC**
    **15504 Glenwood**
    **Overland Park, KS 66223**

                            Defendant.

## COMPLAINT

Plaintiff Elizabeth Ross states her causes of action against Defendant Life Centers of Kansas LLC as follows:

1. This is an action for discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* (ADA).

2. Plaintiff either has a covered disability or was regarded as disabled by Defendant. She sustained a work-related injury in January 2024 which limited but did not preclude her ability to work. She received informal accommodation that enabled her to continue working. She was fired after she complained that Kathy Burns, a coworker, had discriminated against her because of her disability.

3. Plaintiff seeks all available legal and equitable remedies for discrimination and retaliation including back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1343, which provides for original jurisdiction in this Court for suits brought under the ADA, 42 U.S.C. § 12101, *et. seq*.

5. Venue is proper in the United States District Court for the District of Kansas under 28 U.S.C. § 1391(b)(2), because the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6. At all times relevant to this lawsuit, Plaintiff Elizabeth Ross was a resident of Lawrence, KS and a citizen of the State of Kansas.

7. Defendant Life Centers of Kansas is a private employer within the meaning of the ADA.

## ADMINISTRATIVE PROCEEDINGS

8. On or about December 28, 2024, Ms. Ross filed a timely charge of discrimination against Life Centers of Kansas LLC with the EEOC.

9. On or about August 12, 2025, the EEOC mailed a notice of right to sue pursuant to ADA to Ms. Ross, and he received it thereafter.

10. This action has been filed with this Court within 90 days of Ms. Ross's receipt of the right-to-sue notice of from the EEOC. Ms. Ross has fully complied with all administrative prerequisites before filing this action.

## FACTUAL BACKGROUND

11. Plaintiff Elizabeth "Libby" Ross worked as a Direct Services Provider (DSP) for Defendant Life Centers of Kansas from September 2021 until her termination in May 2024.

12. Throughout her career, Plaintiff received positive performance reviews and had no history of disciplinary action.

13. Plaintiff's work involved supporting the intellectually and physically disabled clients of Life Center. That work required her to assist with moving some of the clients who had mobility limitations or were in wheelchairs.

14. In January 2024, while at work, Ms. Ross fell on black ice and sustained severe injuries to her shoulders and neck.

15. Injuries from the workplace accident made it difficult for Plaintiff to push wheelchairs or otherwise aid mobility impaired clients.

16. Plaintiff worked with management to obtain informal accommodation that limited her responsibility to assist with wheelchairs and other pushing or lifting activities, while still performing the essential functions of her role as a DSP.

17. On or about May 2, 2024, Plaintiff and Ms. Burns were assigned to take a group of clients into the community.

18. During the entirety of the outing, Ms. Burns was dismissive and hostile towards Plaintiff. At one point, she disappeared and left Plaintiff to manage the clients on her own.

19. Throughout the outing, Ms. Burns was irritable and angry when Ms. Ross reminded her that Ms. Ross' physical disabilities required her to have help with moving clients. Ms. Burns implied that Plaintiff was malingering. The experience was humiliating and degrading for Plaintiff.

20. After the degrading and hostile exchange with Ms. Burns, Plaintiff texted Tessa Dunfield, who handled scheduling, and explained that Ms. Burns had treated her with disdain because of her restrictions. Plaintiff asked not to be paired with Ms. Burns again.

21. Defendant's management team then convened a meeting with Plaintiff and Ms. Burns, in what was meant to be a sort of mediation.

22. Unfortunately, the meeting became heated, and Ms. Burns became very agitated. She verbally attacked Plaintiff, accusing her of trying to get out of work, and implying that her injuries were either fake or exaggerated.

23. Ms. Burns also warned management that Plaintiff was planning to sue the company for her workplace injuries.

24. Plaintiff was hurt and upset at the implication that she was shirking her duties or faking her injuries. She left the meeting in tears in search of a place to calm down.

25. After she left the meeting, Plaintiff muttered that she quit, but she did not direct the comment at any person.

26. Cassandra Meyers from Human Resources was in the hallway when Plaintiff exited the meeting room and muttered "I quit."

27. Plaintiff and Ms. Meyers then discussed what had happened at the meeting, including Plaintiff's complaint that Ms. Burns' had treated her with disdain because of her medical restrictions and implied that she was malingering. Ms. Meyers assured Plaintiff that she would investigate Plaintiff's concerns. Plaintiff was clear that she was frustrated and "blowing off steam," and had no intent to resign from her position. Ms. Meyers assured Plaintiff that she would disregard any notion that Plaintiff intended to resign her position.

28. The following day, Ms. Meyers contacted Plaintiff to "accept" her "resignation." Plaintiff reminded Ms. Meyers of their conversation the previous day, but Ms. Meyers refused to engage with her.

## COUNT I
## ADA DISCRIMINATION

29. Plaintiff's shoulders and neck injuries are either a disabling condition under the ADA or have caused Defendant to regard Plaintiff as a disabled individual.

30. Plaintiff was an otherwise qualified individual able to perform the essential functions her job with or without reasonable accommodation.

31. Defendant was aware of Plaintiff's condition.

32. Defendant treated Plaintiff with disdain because of her physical limitations and implied that she was malingering.

33. Defendant's treatment of Plaintiff violates the ADA.

**WHEREFORE**, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination based on her disability, for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of compensatory and punitive damages; equitable relief including reinstatement where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive or intimidating treatment, or an award of front pay in a reasonable amount; for her costs expended; for her reasonable attorneys' and expert witnesses' fees; and for such other and further relief the Court deems just and proper.

## COUNT II—RETALIATION

34. Plaintiff's report that she experienced disability discrimination and did not want to work with the coworker who discriminated against her was a protected action.

35. After and because of Plaintiff's complaint of discrimination, Plaintiff was terminated under false pretenses because of her complaint.

36. Defendant knowingly used false, pretextual reasons to mask its unlawful retaliation. Defendant's conduct violated Plaintiff's rights under the ADA and was undertaken willfully and maliciously so as to support an award of punitive damages under the ADA.

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor on Count II, finding that she has been subjected to unlawful retaliation in violation of the ADA; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory damages, for her costs expended; for her reasonable attorneys' and expert's fees; and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Elizabeth Ross hereby requests a trial by jury on all claims in her Complaint that may properly be submitted to a jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial of this matter.

Respectfully submitted,

**DUGAN SCHLOZMAN LLC**

 /s/ *Mark V. Dugan*
Heather J. Schlozman, KS Bar # 23869
Mark V. Dugan, KS Bar # 23897
heather@duganschlozman.com
mark@duganschlozman.com
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Telephone:  (913) 322-3528
Facsimile:   (913) 904-0213

**Counsel for Plaintiff**